IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRAI EUGENE BLAND PLAINTIFF

vs. Civil No. 2:25-cv-2167

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION DEFENDANT

**MEMORANDUM OPINION**

Trai Eugene Bland ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background**

Plaintiff filed his DIB application on January 25, 2022, alleging disabilities due to bulging or herniated discs in his back and neck, a rotator cuff tear and bone spur in his right shoulder, and high blood pressure. (Tr. 330-33).[1] Plaintiff alleged an onset date of August 15, 2021. (Tr. 13). The claim was initially denied on April 26, 2022, and upon reconsideration on January 30, 2023. (Tr. 107).

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 9. These references are to the page number of the transcript itself not the ECF page number.

Plaintiff requested an administrative hearing on his denied application, and this hearing was granted. *Id*. The hearing was held on September 7, 2023, and the ALJ entered an unfavorable decision on November 9, 2023. (Tr. 107-117). The Appeals Council remanded the case for further administrative proceedings stating:

> The hearing decision does not contain an evaluation of all apparent conflicts between the Dictionary of Occupational Titles (DOT) and the vocational expert evidence. When there is an apparent conflict between vocational expert evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the vocational expert evidence to support a determination or decision about whether the claimant is disabled. Specifically, the Administrative Law Judge found the claimant could perform the requirements of representative occupations such as Addressing Clerk and Document Clerk. The record does not contain evidence regarding whether these occupations are performed with more modern tools or processes, and the hearing decision does not contain an evaluation of the apparent conflict. Further vocational expert evidence is warranted.

(Tr. 125) (citations omitted). On February 20, 2025, the ALJ held a second hearing in person. (Tr. 31-58). At this hearing, Plaintiff was present and was represented by Michael Joe Hamby. (Tr. 13). Plaintiff and Vocational Expert ("VE") Larry Seifert testified at the hearing. *Id.*

The Administrative Law Judge ("ALJ") entered an unfavorable decision on April 25, 2025. (Tr. 13-24). In this decision, the ALJ determined Plaintiff had not engaged in substantial gainful activity ("SGA") during the period from his alleged onset date of August 15, 2021, through his date last insured of December 31, 2024. (Tr. 15, Finding 2). The ALJ further determined that Plaintiff has severe impairments of degenerative disc disease of the lumbar spine with facet arthrosis and disc bulge, stenosis of the cervical spine with mild degenerative disc disease, moderately severe arthrosis of the right shoulder with rotator cuff tear and surgery, rotator cuff tear of the left shoulder with surgery, and morbid obesity. (Tr. 16, Finding 3). However, despite these impairments' severity, the ALJ determined that those impairments did not meet or medically

equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 16, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined his residual functional capacity ("RFC"). (Tr. 17-21). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also determined Plaintiff retained the RFC to perform sedentary work with postural and environmental restrictions. *Id.*

The ALJ then evaluated Plaintiff's past relevant work ("PRW") and determined Plaintiff had none. (Tr. 21, Finding 6). However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 22, Finding 10). Through the testimony of the VE, the ALJ found that Plaintiff could perform the representative occupations of (1) document preparer with approximately 15,000 jobs in the national economy, (2) addressing clerk with approximately 5,000 jobs in the national economy, and (3) credit card callout operator with approximately 5,000 jobs in the national economy.

On December 31, 2025, Plaintiff filed the instant appeal. ECF No. 1. Plaintiff filed his Appeal Brief on April 27, 2026. ECF No. 11. The SSA filed its Appeal Brief on May 14, 2026. ECF No. 12. Accordingly, the matter is now ready for decision.

**2. <u>Applicable Law</u>**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision,

the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner

to prove that there are other jobs in the national economy that the claimant can perform. *See Cox*, 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**3. <u>Discussion</u>**

In his appeal brief, Plaintiff asserts that the ALJ's asserts that the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 11. In making this claim, Plaintiff raises the following arguments for reversal: (1) the ALJ's erred in concluding that Plaintiff's impairments were sufficient to find he is disabled at step three of her analysis; (2) the ALJ erred in the determination of Plaintiff's RFC; and (3) the ALJ erred in determining that Plaintiff was not disabled at Step Five based on the "combined effects of severe mental, cognitive, and physical impairments preclude the sustained performance of any competitive work on a regular and continuing basis." *Id*.

**A. Step Three Determination**

At step three, an ALJ assesses whether a claimant's impairments meet or equal the severity of one of the listed impairments in the Listings. To meet one of the Listings, a claimant must "'present medical findings equal in severity to all the criteria for the one most similar listed impairment.'" *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)). However, at Step Three, the burden rests squarely on the claimant to prove he met a Listing. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). The claimant must show that his impairment matches all of the specified medical criteria of a listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004).

To support his claim that the ALJ failed to conduct a proper Listings review, Plaintiff cites mostly his own subjective complaints. ECF No. 11, pp. 2-6. Further, Plaintiff does not address the Listings that the ALJ addressed in her decision. *Id*. In her decision, the ALJ discussed the Listings for disorders of the skeletal spine (1.15), lumbar spinal stenosis (1.16), and abnormality of a major joint(s) (1.18). (Tr. 16). With each of these Listings, the ALJ noted the evidence presented did not satisfy the criteria. *Id*. Specifically, the ALJ pointed to the imaging studies in the record which "do not document compromise of a nerve root or of the cauda equina as described in 1.15 and 1.16" and that nothing documents the "medical need for a walker, bilateral canes, or bilateral crutches" as required for 1.18. *Id*.

Though the analysis in Step Three was brief, an ALJ's "failure to address a specific listing or to elaborate on his conclusion that claimant's impairments do not meet the listings is not reversible error if the record supports the conclusion." *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). Here, the ALJ pointed to particular facts which demonstrate that Plaintiff's diagnosis and symptoms do not meet the requisite criteria for a qualified impairment. The ALJ further elaborated that Plaintiff's impairments were considered in conjunction with his obesity and his obesity was considered singly. She determined that either alone or in connection to Plaintiff's other impairments, the severity did not meet the severity required under the Listings.

As such, the ALJ's determination at Step Three is supported by substantial evidence in the record as a whole. Plaintiff's challenges to the adequacy of the ALJ's explanation do not warrant reversal or remand. *Grindley v. Kijakazi*, 9 F.4th 622, 627 (8th Cir. 2021).

**B. Step Four Determination and RFC Determination**

In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work as defined in 20 CFR § 404.1567(a) "except occasional ramps, stairs, stoop, kneel, crouch, and crawl,

no ladders, ropes scaffolds, or unprotected heights, occasional bilateral overhead reaching, no concentrated exposure to dust, fumes, or other pulmonary irritants, and no extreme heat, humidity, or cold." (Tr. 17, Finding 5). Plaintiff argues the ALJ erred in this RFC determination and that a finding of disability is warranted at step four. ECF No. 11, p. 2. However, substantial evidence supports the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Id*. (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox*, 160 F.3d at 1206. The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id*.

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that

determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000). Title 20 C.F.R. § 1519a(a) provides that a consultative examination may be ordered if the necessary information may not be obtained from the claimant's medical sources. "'[I]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision.'" *Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000) (quoting *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir.1985)) (alteration in original). If, however, the medical records before the ALJ provide sufficient medical evidence to determine whether the claimant is disabled, a consultative examination is not required. *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011); *accord Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 749–50 (8th Cir. 2001).

In her opinion, the ALJ considered Plaintiff's alleged impairments and discounted those she found were not credible. (Tr. 17-21). The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in her decision. *Id*. These included comparisons of Plaintiff's alleged limitations versus those he presented to his healthcare providers. *Id.* at 19. The ALJ further pointed to Plaintiff's treatment notes which indicate that his symptoms were at least partially controlled by medication and that limitations were only suggested while Plaintiff was recovering from surgery, rather than in the long term. *Id*. The ALJ also considered the findings of medical consultants and considered Plaintiff's testimony and function reports in assessing his RFC. *Id*. Substantial evidence supports the ALJ's RFC determination. Further, there was sufficient evidence for the ALJ to make an informed decision as to Plaintiff's RFC. Because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

Finally, the ALJ found that Plaintiff did not have PRW and, therefore, did not have the RFC to continue to perform any PRW. This conclusion is supported by the ALJ's RFC determination and Plaintiff's relevant limitations and, as such, should be affirmed as well.

**C. Step Five Determination**

Finally, Plaintiff argues that the ALJ erroneously concluded at step five that he is capable of performing work that exists in significant numbers within the regional and national economies. He contends that the combined effects of his severe mental, cognitive, and physical impairments preclude the sustained performance of any competitive work on a regular and continuing basis.

Given that the ALJ properly considered Plaintiff's subjective complaints and relevant history in determining his RFC, the Court does not find that the ALJ erred in her step five conclusion. The hypothetical posed by the ALJ to the VE accurately reflects Plaintiff's RFC as found by the ALJ. The undersigned perceives no error in the ALJ's failure to include Plaintiff's subjective complaints in the hypothetical because, as discussed previously, the Court finds substantial evidence in the record supporting the ALJ's findings on those issues. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003); *Riggins v. Apfel*, 177 F.3d 689, 694 (8th Cir. 1999).

While the VE did testify that there would be no jobs available if the hypothetical were expanded to include "unscheduled breaks of 15 minutes or more in the morning and afternoon", the Court does not find that this created error in the ALJ's determination. The ALJ noted in her RFC determination that the treatment notes of Plaintiff's healthcare providers "do not indicate that the [Plaintiff] must engage in alternative therapies that may interfere with the performance of work activities, such as periodically shifting positions between sitting and standing or *taking extra breaks*, for example." (Tr. 19-20) (emphasis added). Given the evidence supporting the reasoning of the ALJ in discounting Plaintiff's alleged limitations, the Court finds no error. Having

employed a hypothetical that was supported by substantial evidence in the record as a whole, the ALJ was entitled to rely upon the opinion of the vocational expert that there are a significant number of jobs in the economy that Harris could perform. *Weiler v. Apfel*, 179 F.3d 1107, 1111 (8th Cir. 1999).

**4. Conclusion**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and the decision is **AFFIRMED.**

**ENTERED this 9th day of September 2026.**

/s/ Spencer G. Singleton
Honorable Spencer G. Singleton
United States Magistrate Judge